**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**CHARLES LEE WOODS, JR.,**

**Plaintiff,**

**v.**                                                **CIVIL ACTION NO. 3:08-00317**

**WESTERN REGIONAL JAIL,**

**Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Plaintiff, Charles Lee Woods, Jr. ("Plaintiff"), is currently incarcerated in Southwestern Regional Jail in Holden, WV.[1] On May 19, 2008, Plaintiff, proceeding *pro se*, filed a Petition in the above-captioned case against Western Regional Jail ("Jail")[2] and applied to proceed without prepayment of fees or costs. (Docket Nos. 2 and 1). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

I.  **Introduction**

On May 19, 2008, Plaintiff filed a standard form Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, stating that on April 29, 2008, a "C/O came to our pod

---

[1] West Virginia Division of Corrections website.  According to the website, Plaintiff's projected release date is 12/10/2011.

[2] At the time of the filing, Plaintiff was incarcerated in the Western Regional Jail in Barboursville, West Virginia.

and asked who wanted to go to church! I told him that I wanted to go and he stated that I could not go!" (Docket No. 2 at 5). Plaintiff further alleged that this act was a "state violation of a Federal Constitutional right" and that "this is a civil complaint for violation of right to religious freedom." (*Id.* at 5-6). Plaintiff added the following, "To my knowledge there is no grievance procedure at the Western Regional Jail! Therefore, I was left with no recourse but to file this habeas corpus." (*Id.* at 6). Plaintiff does not explicitly state the type of relief that he seeks, but it appears that he requests prospective relief that would allow him to attend church while incarcerated. (*See* Docket No. 2).

Inasmuch as Plaintiff does not allege that he is "in custody in violation of the Constitution or laws or treaties of the United States," his claim was inappropriately filed under 28 U.S.C. § 2254. Rather, Plaintiff's claim is properly addressed under 42 U.S.C. § 1983, as modified by the 1996 Prison Litigation Reform Act (PLRA), which provides a civil remedy for those whose constitutional rights have been violated by a person acting under color of State law. 42 U.S.C. § 1983. The undersigned thus construes Plaintiff's Petition as a Complaint filed under 42 U.S.C. § 1983.

## II.   __Standard of Review__

Pursuant to the provisions of 28 U.S.C. § 1915, the Court must screen each case in which a prisoner seeks to proceed *in forma pauperis* (without prepayment of fees and costs). The Court must dismiss the case, or any part of it, if the Complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant "who is immune from such relief." 28 U.S.C. § 1915. A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967); *Denton v. Hernandez,* 504

U.S. 25 (1992), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Likewise, a Complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the Complaint as true and in the light most favorable to the plaintiff, the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

This Court is required to liberally construe *pro se* Complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the Complaint still must contain sufficient factual allegations to support a valid legal cause of action. The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>Analysis</u>

#### A. <u>The Jail is not a "Person" for Purposes of § 1983.</u>

Title 42 U.S.C. § 1983 provides:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, in order to state a successful claim under § 1983, Plaintiff must demonstrate that a person acting under color of state law deprived him of a right guaranteed by the Constitution or federal laws. *Rendall-Baker v. Kohn,* 457 U.S. 830, 838 (1982). Here, Plaintiff cannot establish that the named defendant, the Western Regional Jail, is a "person" for purposes of § 1983. In *Roach v. Burch,* 825 F.Supp. 116 (N.D.W.Va. 1993), the United States District Court for the Northern District of West Virginia directly addressed the issue of whether the West Virginia Regional Jail Authority and Correctional Facility ("Authority") was a "person" subject to suit under § 1983. After applying generally accepted factors used to determine whether a State agency is "an arm" or "alter ego" of the State and, therefore, the same as the State for purposes of sovereign immunity, the Court concluded that "as the State, the Authority is not a 'person' suable under § 1983."[3] *Roach v. Burch, supra* at 118. *See,* also, *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989)(finding that a State is not a "person" for purposes of § 1983); *Cantley v. Western Regional Jail and Correctional Facility Authority,* 728 F. Supp. 2d 803 (S.D.W.V. 2010)(finding that the West Virginia Regional Jail Authority and Correctional Facility is not a "person" for purposes of a claim for money damages under § 1983).

Furthermore, the District Court found that, as an arm of the State, the Authority

---

[3] The Western Regional Jail is nothing more than a facility operated and controlled by the Authority. West Virginia Code § 30-20-1a, *et seq.* As such, the Jail is subsumed under the Authority and is not a "person" under § 1983. *Noe v. West Virginia,* 2010 WL 3025561 at *5 (N.D.W.Va.). *See also, Mora v. Westville Correctional Facility,* 2008 WL 2906761 (N.D. Ind.) at *2-3.

enjoyed the Constitutional immunity provided by the Eleventh Amendment. *Roach v. Burch, supra* at 119. The Eleventh Amendment to the United States Constitution provides "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. The sovereign immunity created in this article protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *Taylor v. Ozmint,* 2011 WL 286133  (D.S.C.), citing *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 78 (1989); *See also Regents of the Univ. of California v. Doe,* 519 U.S. 425, 429 (1977)("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.")

The fact that Plaintiff seeks prospective relief in this case does not alter the sovereign immunity of the Jail.[4]  *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy,* 506 U.S. 139 (1993).  Generally, the doctrine of sovereign immunity bars suit against a State or State agency if (1) the State or State agency waives immunity; (2) Congress has abrogated a State's immunity under particular circumstances; or (3) the suit is directed against a state official and requests only prospective relief.[5]  *Noe v. West Virginia,* 2010 WL 3025561 at *4 (N.D.W.Va.).  In *Ex Parte Young,* 209 U.S. 123 (1908),

---

[4]  As a facility operated by the Authority, the Jail has no separate existence and is entitled to the same immunity as the Authority.  *Molina v. New York,* 697 F. Supp.2d 276, 283 (N.D. N.Y. 2010).  *See, also, Buchanan v. Oklahoma,* 2010 WL 3965898  at *3-4; (C.A. 10); .*Stewart v. Virginia Commonwealth University,* 2010 WL 1170002 at *4 (E.D. Va.).

[5]  The first two circumstances are so clearly inapplicable to this case that the undersigned will not specifically address them.  *See Noe v. West Virginia, supra at *4.*

the United States Supreme Court recognized a need to permit claims against State officers to enjoin violations of federal law.  Accordingly, the Supreme Court carved out an exception to the Eleventh Amendment immunity for that purpose.  However, this exception is extremely narrow:

> It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, **which are barred regardless of the relief sought.**  Rather than defining the nature of Eleventh Amendment immunity, *Young* and its progeny render the Amendment wholly inapplicable to a certain class of suits.  **Such suits are deemed to be against officials and not the States or their agencies, which retain their immunity against all suits in federal court.**

*Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, supra* at 146 (internal citations omitted and emphasis added).  "The *Ex Parte Young* exception is directed at 'officers of the state [who] are clothed with some duty in regard to the enforcement of the laws of the state, *and* who threaten and are about to commence proceedings'" to enforce an unconstitutional act against affected parties.  *McBurney v. Cuccinelli, II,* 616 F.3d 393, 399 (4th Cir. 2010), citing *Ex Parte Young, supra* at 155-156.  Hence, the state officer being sued must have "proximity to and responsibility for the challenged state action" before the exception can be  invoked. *Id.*

Consequently, Plaintiff's action cannot be maintained as filed, because he has not named an appropriate "person" as the defendant.  *See Thomas v. Nakatani,* 309 F.3d 1203 (9th Cir. 2002)(acknowledging that the *"Ex Parte Young* doctrine creates a fiction by allowing a person to enjoin future state action by suing a state official for prospective injunctive relief rather than the state itself.  Even so, the Supreme Court has emphasized the importance of respecting this fiction.").  Moreover, the defendant is immune from

relief as an agency of the State. *See Field v. McMaster,* 2010 WL 1076060 (D.S.C.)(An agency of the State is immune from suit regardless of the nature of relief sought).   For these reasons, the undersigned respectfully **PROPOSES** that the United States District Judge **FIND** that Plaintiff has not named as a defendant a "person" subject to suit under § 1983 and the named defendant is immune from suit pursuant to the Eleventh Amendment of the United States Constitution.

### B.     Plaintiff's Claim is Moot

In view of Plaintiff's transfer from the Western Regional Jail to the Southwestern Regional Jail, his prayer for relief is moot.  "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the out-come." *Powell v. McCormick,* 395 U.S. 486, 496 (1969).  "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided.   If intervening factual. . . events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 694 (4ᵗʰ Cir. 1983).    "The requisite personal interest that must exist at the commencement of the litigation. . . must continue throughout its existence. *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 (1997).

"[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse,* 569 F.2d 182, 186 (4ᵗʰ Cir. 2009).  "The reasons for finding mootness in such a context are clear.  Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages,

he no longer has a legally cognizable interest in a judicial decision on the merits of his claim." *Lee v. Gurney,* 2010 WL 5113782 *11 (E.D.Va.), citing *Incumaa v. Ozmint,* 507 F.3d 281, 287 (4th Cir. 2007).  "Any declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted." *Incumaa v. Ozmint, supra* at 287.  Undoubtedly, any relief given in this case would serve no useful purpose, because the Complaint involves a single episode in which Plaintiff was denied the right to attend church while incarcerated at the Western Regional Jail.  Plaintiff's Complaint does not challenge a policy or practice of the Authority, nor implies a continuing wrong.  Instead, it contests the actions of one C/O at a correctional facility, which is no longer the facility that houses the Plaintiff.

Nevertheless, a plaintiff's claim should not be dismissed as moot if there is sufficient evidence to conclude that the action is "capable of repetition, yet evading review." *Lee v. Gurney,* 2010 WL 5113782  at *11 (E.D.Va.), citing *Incumaa v. Ozmint, supra* at 289; *See* also  *Southern Pac. Terminal Co. v. ICC,* 219 U.S. 498, 515 (1911). Under this exception, a claim that would otherwise be moot may be subject to judicial review if the facts of the case lead to a reasonable expectation that the "same complaining party would be subjected to the same action again." *Lane v. Williams,* 455 U.S. 624, 634 (1982), citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975);  *Federal Election Commission v. Wis. Right to Life*, 551 U.S. 449 (2007)("capable of repetition" exception requires demonstrated probability that the same controversy will recur involving the same plaintiff).  The burden on the plaintiff to establish post-transfer viability of such a claim is heavy.  The plaintiff must make a reasonable showing "that he

will again be subject to the alleged illegality." *Higgason v. Farley,* 83 F.3d 807, 810 (7th Cir. 1996). In *Wolf v. Anderson,* 2006 WL 218205 (S.D.W.Va.), this District Court clarified that the phrase "alleged illegality" is not limited to just the particular act at issue, but "means an illegality at [the] first prison, and not a speculative illegality occurring at the prison to which [the plaintiff] was transferred." *Id.* at *3. Likewise, mere conjecture that the plaintiff may return to the first prison and again face the alleged wrong is not sufficient to meet the mootness exception. *Higgason v. Farley, supra.* In *Higgason,* an inmate alleged that his claim for injunctive relief made pursuant to a § 1983 claim should not be dismissed as moot, even though he was no longer at the facility about which he complained, because his return to that facility was a "virtual certainty." *Id.* at 811. The Court rejected this contention as a basis for applying the exception, stating, "[s]uch an allegation does not amount to a 'showing' or a 'demonstration' of the likelihood of retransfer." *Id.* Similarly, in this case, there is nothing to suggest that Plaintiff is scheduled for a transfer from the Southwestern Regional Jail, or a return to the Western Regional Jail. For that reason, the undersigned respectfully **PROPOSES** that the United States District Judge **FIND** that Plaintiff's transfer to another facility renders his Complaint moot and the current circumstances do not support a finding that Plaintiff's Complaint falls within the "capable of repetition, but evading review" exception to the doctrine of mootness.

## IV.   <u>Conclusion</u>

Plaintiff's Complaint, as it is currently filed, seeks prospective relief against a defendant who is immune from such relief, because the named defendant is the Western

Regional Jail,[6] rather than a state official that has "proximity to and responsibility for the challenged state action." Although this bar could be removed if Plaintiff amended his Complaint to substitute an appropriate defendant, his Complaint would still lack a justiciable controversy, because Plaintiff is no longer incarcerated at the Western Regional Jail. Accordingly, in order to maintain his action, Plaintiff must substitute the defendant **and** "again be subject to the alleged illegality." Under the circumstances, the Complaint should be dismissed without prejudice.

## V.   <u>Proposal and Recommendations</u>

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the proposed findings and **RECOMMENDS** as follows**:**

1.   Plaintiff's Complaint (Docket No. 2) be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii); and

2.   Plaintiff's application to proceed without prepayment of fees or costs (Docket No. 1) be **DENIED** pursuant to 28 U.S.C. §1915(e)(2)(B).

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of

---

[6] More properly, the West Virginia Regional Jail Authority and Correctional Facility.

such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, Defendant, and any counsel of record.

**FILED:**  February 4, 2011.

Cheryl A.  Eifert
United States Magistrate Judge

- 11 -